

# TH E ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 4, 1969

Honorable Charles R. Barden, P.E.
Executive Secretary
Texas Air Control Board
1100 West 49th Street
Austin, Texas 78756

Opinion No. M-532

Re: Eligibility of faculty
member of Texas Tech to
serve on Texas Air Control
Board and receive per diem
and actual expenses

Dear Mr. Barden:

Your request for an opinion reads in part as follows:

"Governor Preston Smith has appointed Willie Lee Ulich, Ph.D., of Lubbock, Texas as the agricultural engineering member of the Texas Air Control Board for a two (2) year term to expire August 30, 1971.

"Dr. Ulich is Professor and Department Chairman of the Agriculture Engineering Department, Texas Tech University, Lubbock, Texas.

"Since Dr. Ulich is an employee of the State of Texas, we are requesting an Attorney General Opinion to determine:

(1) Whether Dr. Ulich is eligible to be a duly qualified member of the Texas Air Control Board.

(2) Whether Dr. Ulich is eligible to receive the $25 per day salary and reimbursement for actual travel expenses in performing official duties as stated in Senate Bill No. 48, Acts of the 61st Legislature, Regular Session, and under the provisions of

-2533-

House Bill No. 2, as passed by the
61st Legislature, Second Called
Session."

Before answering your questions, we note that while a professor in Texas Tech University is a state employee, he does not hold an "office". See Opinions C-550 (1965) and M-297 (1968); Tilley v. Rogers, 405 S.W.2d 220, 224 (Tex. Civ.App. 1964, error refused n.r.e.). On the other hand, a member of the Texas Air Control Board, who has been appointed and confirmed, occupies the status of an "officer" even though he receives only a $25 per diem and his actual expenses for attendance at board meetings. This is so because the Legislature has committed to the Texas Air Control Board the governmental duties of abating air pollution within the State of Texas and the decisions as a voting member of such board constitute the exercise of a part of the sovereignty of the state, whether great or small, and whether made with or without the receipt of compensation therefor. Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120 (1900).

The status of Dr. Ulich must be determined by consideration of Article XVI, Section 33, Constitution of Texas, as amended November 11, 1967, and of Article 6252-9a, Vernon's Civil Statutes, said statute having been enacted as Chapter 20, Acts of the 61st Legislature, Regular Session, 1969 (H.B. 102, page 55), taking effect September 1, 1969. Under the Constitutional Amendment, it is provided that a non-elective state officer may hold other non-elective offices or positions of honor, trust, or profit under this State or the United States where authorized by the Legislature by general law. Pursuant thereto, Article 6252-9a was passed and provides in part:

"Section 1. A nonelective state officer or employee may hold other nonelective offices or positions of honor, trust, or profit under this state or the United States, if his holding the other offices or positions is of benefit to the State of Texas or is required by state or federal law, and if there is no conflict between his holding the office or position and his holding the original office or position for which the officer or employee receives salary or compensation.

"Sec. 2. Before a nonelective state officer or employee may accept an offer to serve in

other nonelective offices or positions
of honor, trust, or profit, the officer
or employee must obtain from the govern-
ing body, or if there is no governing body,
the executive head of the agency, division,
department, or institution with which he
is associated or employed, a finding that
the requirements of Section 1 of this Act
have been fulfilled. The governing body
or executive head shall make an official
record of the finding and of the compen-
sation to be received by the nonelective
officer or employee from such additional
nonelective office or position of honor,
trust, or profit including specifically
salary, bonus, per diem or other type of
compensation.

"Sec. 3. The governing body or execu-
tive head shall promulgate rules and reg-
ulations necessary to carry out the pur-
poses of this Act."

If Dr. Ulich is to exercise both positions inquired about,
it will be necessary to secure the necessary record of findings
or resolutions evidencing compliance with the requirements set
out in Section 2 of the above Article 6252-9a, supra. Attorney
General Opinion M-193 (1968).

The facts submitted in your letter of request for an opin-
ion do not reflect any common law incompatibility or conflict
of interest which would otherwise prevent a person from serving
as a Professor of Engineering at Texas Tech University while
simultaneously holding the office of member of the Texas Air
Control Board. If there should exist or later develop a con-
flict in the two duties, or if the governing bodies of the two
agencies do not resolve the matter favorably to Dr. Ulich as
required by the above statute, he would be prohibited from
holding the two duties at the same time. Article XVI, Section
33, Constitution of Texas; 26 A.L.R. 142; 132 A.L.R. 254; 147
A.L.R. 1419; 148 A.L.R. 1399; 150 A.L.R. 1444; 89 A.L.R. 113;
15 Am. St. Rep. 708; L.R.A. 1917A, pages 211-250.

In answer to your second question, it is our opinion that
Dr. Ulich may properly be paid his per diem and actual travel
expenses. Such nonelective state officers or employees are not

now precluded from drawing compensation from both nonelective positions under Article 6252-9a and Article XVI, Section 33, Constitution of Texas, as amended November 11, 1967.

S U M M A R Y

A professor at Texas Tech University may, in compliance with Article 6252-9a, V.C.S., serve as a member of the Texas Air Control Board and simultaneously perform his duties as such professor, and he may be paid a $25 per diem plus actual travel expenses by the Texas Air Control Board.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger B. Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

John Reeves
Sarah E. Phillips
Neil Williams
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant